# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Rebecca R. Pallmeyer *RRP* | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3619 | **DATE** | June 7, 2012 |
| **CASE TITLE** | William R. Patterson (#2011-1213071) vs. Cook County Dep't. of Corrections | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is denied without prejudice, and his complaint is dismissed without prejudice and with leave to amend. If he wishes to proceed, Plaintiff must both (1) either pre-pay the $350 filing fee or submit a completed *in forma pauperis* application; and (2) submit an amended complaint that names proper Defendants and states a valid claim. His failure to comply with this order will result in summary dismissal of this case. The clerk is directed to send Plaintiff an *in forma pauperis* application and an amended complaint form.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff William R. Patterson, a pretrial detainee incarcerated at Cook County Jail, has filed another 42 U.S.C. § 1983 complaint against the Cook County Jail. In this suit, Plaintiff alleges that he is supposed to be paid $1.00 per shift as a sanitation worker at the jail.

Plaintiff's *n forma pauperis* ("IFP") application is incomplete as it contains neither a certificate completed by an authorized officer nor a copy of his jail trust fund statement. Under the Prison Litigation Reform Act, an inmate must either pre-pay the $350 filing fee or seek leave to proceed *in forma pauperis* to pay the filing fee through deductions from his jail or prison trust fund account. If the inmate is unable to pre-pay the filing fee, the court will assess an initial partial payment, and allow deductions from his account as additional payments until the entire filing fee is paid. This court requires that inmates seeking to proceed IFP file their motions on a form that calls for the preparation of a certificate of the amount of money the inmate has on deposit in his jail trust fund account and " a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). These documents are necessary for the court to determine whether Plaintiff qualifies as a pauper and to assess an initial partial payment of the filing fee. If Plaintiff wants to proceed with this action, he must either pre-pay the $350 filing fee or submit a completed *in forma pauperis* application on the enclosed form, and include a certificate from an authorized officer and a copy of his trust fund account showing all activity therein for the six-month period immediately preceding his filing of the instant suit. Plaintiff is given 30 days to resolve the filing fee issue. His failure to do so will result in summary dismissal of this case. N.D. Ill. Local Rule 3.3(e).

The court notes, further, that the complaint in its current form does not name a proper Defendant and fails to state a valid claim. *See* 28 U.S.C. § 1915A (a court must conduct a preliminary review of an inmate's complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which the court can grant relief, or seeks money damages from a defendant immune from such relief). The Cook County Jail, the only defendant named in this case, is not a suable entity. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). Plaintiff must instead identify an individual who was responsible for the alleged wrongdoing and provide the name of at least one Defendant so that so that the complaint can be served.

Plaintiff is cautioned that the allegation that he has not been paid for his sanitation job in the jail does not

| STATEMENT |
|---|
| state a valid claim. To state a valid § 1983 claim, Plaintiff must allege that a person acting under the color of state law (a state actor) deprived him of a constitutional right. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011). There is no constitutional right to be paid for the work an inmate performs in a jail. *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992) ("compensation for prison labor is 'by grace of the state'").<br><br>    The complaint is therefore dismissed without prejudice. Plaintiff has leave within 30 days to submit an amended complaint that both names a suable party as a Defendant and states a valid claim. Plaintiff is advised that an amended complaint replaces prior complaints and must stand complete on its own. The court will refer only to the amended complaint to determine the claims and parties of this case. If Plaintiff submits an amended complaint, he must include an original, a judge's copy, and a service copy for each named Defendant. He should also keep a copy for his own files. Plaintiff is given 30 days from the date of this order to submit an acceptable amended complaint. |